UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> EDGAR NARANJO, ) <br> ) <br>         Petitioner, ) <br> ) <br>         v. ) <br> ) <br> TERRY MCCANN, Warden ) <br> ) <br>         Respondent. ) | No. 08 C 7358 <br><br> Judge Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Edgar Naranjo has filed a notice of appeal from our memorandum opinion and order, entered July 27, 2009, denying Naranjo's petition for a writ of habeas corpus. He has paid the filing fee for that appeal, but seeks a certificate of appealability ("COA").

**BACKGROUND**

Naranjo challenges his 2004 conviction in the Circuit Court of Cook County for first degree murder and residential burglary. He was sentenced to a 40-year term on the murder conviction and a 10-year term on the burglary conviction, to be served consecutively. *Naranjo v. McCann*, No. 08 C 7358, 2009 WL 2231775, *1 (N.D. Ill. July 27, 2009). Because our prior opinion explained in detail the acts underlying his conviction and his appellate and post-conviction proceedings, *see id.* at *1-3, we will not discuss them here. Naranjo seeks a COA on "[w]hether the decision and order of the Illinois State Courts:" 1) "upholding the validity of an information purporting to charge First Degree Murder which did not set forth all the statutory

elements of that offense as defined by the Illinois General Assembly was contrary to" federal law; 2) "upholding the First Degree Murder Conviction of the Petitioner on a charge that was neither alleged in the information, nor defined by statute, was contrary to" federal law; and 3) "upholding the First Degree Murder Conviction of Petitioner by ignoring entirely the statutory elements of the offense was contrary to" federal law. (App. at 1-2.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2253(c)(1), a COA is required for an appeal from a final order in a habeas corpus proceeding under 28 U.S.C. §§ 2254 or 2255. *See* 28 U.S.C. § 2253©. We may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). To make a substantial showing of the denial of a constitutional right where the district court rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong," or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S. Ct. 3383, 3395 (1983)). If the district court rejected "a petitioner's claims on procedural grounds without reaching the prisoner's underlying constitutional claim," it should only issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

**ANALYSIS**

**I. Validity of the Information**

Naranjo seeks a COA on the issue of whether the Illinois courts properly upheld the validity of the information upon which Naranjo was charged. Although Naranjo now refers to the charging document as an information, he previously referred to it as an indictment. (*Compare* App. at 1 to Pet. at 8.) We assume, for the purpose of this application only, that he is referring to the same document and will refer to it as an indictment.

In his habeas petition, Naranjo challenged the validity of the wording of his indictment, alleging that it did not set forth the elements of the crime for which he was convicted, which violated his right to know the nature of the crime charged under the Sixth Amendment and his right to due process under the Fourteenth Amendment. (Pet. at 8.) In our decision denying his petition for writ of habeas corpus, we concluded that the Illinois court's holding that the information was sufficient was neither "contrary to" nor an "unreasonable application" of federal law, nor was it a "decision based on an unreasonable determination of facts." *Naranjo*, 2009 WL 2231775, at *8 (citing 28 U.S.C. § 2254(d)).

Under federal law, an indictment is sufficient if it: 1) contains the elements of the offense and informs the defendant of the charge; and 2) allows the defendant to bar future prosecution for the same offense by pleading acquittal or conviction. *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907 (1974). Illinois' felony murder statute provides that "[a] person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death: . . . [h]e is attempting or committing a forcible felony other than second degree murder." 720 Ill. Comp. Stat. 5/9-1(a)(3). Naranjo's indictment read as follows:

> [O]n or about October 4, 2002 at and within the County of Cook Edgar Naranjo committed the offense of First Degree Murder in that he, without lawful justification committed a forcible felony, to wit: home invasion, and during the commission of the offense of home invasion, Juan Salazar was shot and killed, in violation of Chapter 720 Act 5 Section 9-1(a)(3).

(Resp. Ex. N., Grand Jury Indictment.)

As we explained at length in our opinion, Illinois has adopted a proximate cause theory for liability under felony murder. *See Naranjo*, 2009 WL 2231775, at *6. In fact, Illinois has applied the proximate cause theory to felony murder since 1935, when the Illinois Supreme Court upheld a defendant's felony murder conviction where the defendant's co-felon actually killed the victim and the defendant was not even present at the scene. *People v. Payne*, 359 Ill. 246, 255, 194 N.E. 529, 543 (1935). Because Illinois applies the proximate cause theory for liability under felony murder, indictment is not required to actually state that Naranjo performed the affirmative act that killed Salazar in order for the indictment to state each element of the crime. We disagree with Naranjo that reasonable jurists would differ on this opinion and deny his application for COA on this issue.

## II. Claims Regarding the Affirmance of Naranjo's Conviction

The remaining two issues for which Naranjo seeks a COA were previously denied on procedural grounds. Specifically, we held that Naranjo could not challenge the Illinois Appellate Court's affirmance of his conviction because he had not presented that claim at all levels of review and because the state court based its decision on independent and adequate state law grounds. *Naranjo*, 2009 WL 2231775, at *3-5. We do not think that jurists of reason would debate this holding. A district court may only review claims presented in a writ of habeas corpus when a petitioner: 1) exhausts all remedies available in state courts; and 2) fairly presents and

federal claims in state court. *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). In order to satisfy the exhaustion requirement, Naranjo "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (internal citations omitted). Exhaustion thus requires a petitioner to present the issue to the Appellate Court on direct review. However, because Naranjo is challenging the Appellate Court's affirmance of his conviction rather than his actual conviction, he did not, and could not have, raised the issues based on this affirmance at each round in state court. Accordingly, he did not exhaust his state court remedies.

Naranjo's claims are also procedurally barred if the state court dismissed the claim on an "independent and adequate state law ground." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002). The Illinois Appellate Court dismissed Naranjo's claims attacking the Appellate Court's affirmance of his conviction on independent and adequate state law grounds. *See Naranjo*, 2009 WL 2231775, at *5 (explaining that the Illinois Appellate Court dismissed his claim because he was not challenging the original conviction and sentence, as required by Illinois' Post-Conviction Hearing Act). Accordingly, even if reasonable jurists were to differ as to whether Naranjo presented these claims at each round of review, they would not differ as to our conclusion that his claims are procedurally barred because the state court based its conclusion on independent and adequate state law grounds.

## CONCLUSION

For the reasons set forth above, we deny Naranjo's application for a COA.

_____
Honorable Marvin E. Aspen
United States District Judge

Date: August 31, 2009